IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLIE HOLT

PLAINTIFF

VERSUS

CAUSE NO: 2:16cv38-KS-MTP

CITY OF HATTIESBURG;
MAYOR JOHNNY DUPREE; and
SOUTHERN PINES ANIMAL SHELTER

DEFENDANTS

JURY TRIAL DEMANDED

> SOUTHERN DISTRICT OF MISSISSIPPI
> FILED
> MAR 29 2016
> ARTHUR JOHNSTON
> BY_____ DEPUTY

## COMPLAINT

COMES NOW, Charlie Holt, hereinafter "Holt," by and through undersigned counsel, and makes this, his Complaint against named Defendants, and would show unto the Court the following, to wit:

## PARTIES

1. Plaintiff is a resident citizen of Forrest County, Mississippi who may be contacted through undersigned counsel.

2. Defendant City of Hattiesburg is a governmental entity organized and authorized by the laws of the State of Mississippi who may be served with process through its City Clerk at 200 Forrest Street, Hattiesburg, Mississippi 39401.

3. Defendant, Mayor Johnny Dupree is mayor of the City of Hattiesburg who may be served with process at 200 Forrest Street, Hattiesburg, Mississippi, 39401.

4. Defendant Southern Pines Animal Shelter is a corporation organized under the laws of the State of Mississippi who may be served with process through its registered agent, Nancy

Carpenter, at 117 West Pine Street, Hattiesburg, Mississippi 39401. Defendant Southern Pines operates and acts under the color of state law in that it impounds animals pursuant to a partnership with the City of Hattiesburg, and Southern Pines is compensated by the City.

## JURISDICTION AND VENUE

5. Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in Forrest County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located. The misconduct complained of herein arose in Forrest County, Mississippi. Jurisdiction of the parties and of the subject matter of this action are proper in this Court.

6. This action is authorized by 42 U.S.C. § 1983 and made pursuant to the 4th and 14th Amendments to the United States Constitution.

## FACTUAL ALLEGATIONS

7. On or about March 10, 2015 the Defendants impounded Max, Holt's pure bred German shepherd.

8. Max was found running free near 31st Avenue in Hattiesburg after Holt had been hospitalized.

9. It must be noted that Max was running free because Defendants' animal control officers allowed Max to run away from Holt's home while emergency personnel were picking up Holt to take him to the hospital a few weeks earlier.

10. Max was not properly restrained because of the negligent actions of the Defendants, not Holt.

11. No person notified Holt that Max had been impounded, and, according to the Defendants, by March 15, 2015 Max became the property of the City without a hearing and without any notice to Holt that the City even had possession of Max. This, despite the fact that animal control personnel were the very reason that Max was running free to begin with.

12. Holt was provided no post-deprivation remedy, and Holt attempted to redeem Max from the Defendants but was denied redemption of Max without a hearing or any other semblance of due process.

13. Defendants rely on Hattiesburg Ordinance 2090, Sec 12(a), which unconstitutionally allows the Defendants to deprive a person of their property without notice and without a hearing.

14. Hattiesburg Ordinance 2090, Sec 12(a) is unconstitutional in accordance with the Due Process Clause of the United States Constitution. Our laws do not allow the government to take property without providing its citizen's at least the semblance of due process.

15. Since Max was wrongfully taken from Holt, Holt's home has been robbed on more than one occasion. These actions by the Defendants have caused Holt extreme emotional distress, anxiety, and worry. Max was Holt's trained guard dog, in whom Holt had invested a substantial sum of time and money.

16. Max is housed at Southern Pines, who has refused, in partnership with the City, to return Holt's property, Max.

17. Upon information and belief, on some occasions, Defendants have allowed other pet owners to redeem their impounded animal after five (5) days, yet Holt has not been allowed to do so.

## ALLEGATIONS OF LAW

2. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

3. All acts of the Defendants were under the color and pretenses of the ordinances, policies, practices, customs, regulations, usages and/or statutes of the United States Government, the State of Mississippi and the City of Hattiesburg.

4. It is the custom and policy of all Defendants to violate the procedural and due process rights of individuals in the City of Hattiesburg, as complained of herein.

5. By allowing his officers to deprive citizens of property without due process or a hearing, Mayor Dupree has ratified and allowed the actions of the officers in this action.

6. It is the custom and policy of all Defendants to violate the due process rights of citizens in and around the area of Hattiesburg, Mississippi where the unlawful seizure of Holt's property occurred.

7. It is the policy and practice of the Defendants to violate the civil rights of, in and around the area of Hattiesburg, Mississippi where the unlawful seizure occurred.

8. Defendants' actions were in bad faith and were intended and designed to punish Plaintiff.

9. At all times relevant to this action, Plaintiff's rights were clearly established. At all times relevant to this action, Defendants violated Plaintiff's constitutional rights.

10. Defendants' actions evidence malice and/or constitute willful misconduct.

11. As a result of Defendants' actions, Plaintiff has suffered humiliation, embarrassment, loss of reputation and had their liberty and privacy interests severely impacted.

## COUNT I IN VIOLATION OF 42 U.S.C. 1983
## Fourteenth Amendment – Unlawful Seizure; Deprivation of Due Process/Equal Protection

12. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

13. The unlawful actions of the Defendants, as alleged herein, constituted an intrusion into Plaintiffs' right to be free from an unlawful seizure of his property.

14. Defendants had an affirmative duty to prevent such intrusions.

15. Defendants, acting without authority, knowingly conducted an illegal seizure and failed to allow Holt any Due Process.

16. Plaintiff has an established constitutional right to be free from an unlawful seizure and deprivation of property without due process.

17. By allowing some animal owners to redeem their animal after the animal became City property, but not Holt, the Defendants have also deprived Holt of equal protection under the law.

18. As a direct and proximate cause of Defendants' actions, Plaintiff's rights, as guaranteed by the Fourteenth Amendment, was injured.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## COUNT II – DECLARATORY RELIEF

19. Plaintiff incorporates by reference each of the preceding paragraphs as if they had been fully restated herein.

20. Hattiesburg Ordinance 2090, Sec 12(a) allows the Defendants to unconstitutionally deprive a person of property without a hearing or any post-deprivation remedy.

21. This Court must declare that Hattiesburg Ordinance 2090, Sec 12(a) has violated Holt's rights under the United States Constitution.

WHEREFORE Plaintiff prays for relief against all Defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1.     Assume jurisdiction over this action;

2.     Declare that Defendants' actions, as herein described, violated Plaintiff's constitutional rights under the Fourteenth Amendments to the United States Constitution

3.     Appropriate equitable relief including but not limited to prospective injunctive relief, declaratory and other injunctive remedies;

4.     Award Plaintiff nominal and actual damages for Defendants violation of their constitutional and statutory rights;

5.     Award Plaintiff compensatory damages, including, but not limited to, those for past and future pecuniary and non-pecuniary losses, emotional distress, suffering, loss of reputation, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

6.     Punitive damages for all claims allowed by law in an amount to be determined at trial;

7.     Pre-judgment and post-judgment interest at the highest lawful rate;

8.     Award Plaintiff his costs of litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. sec. 1988 and/or 20 U.S.C. sec. 1400 et seq.; and

9.     Grant such other relief to which Plaintiff may be entitled or as this Court deems necessary and proper.

RESPECTFULLY SUBMITTED this the 29th day of March , 2015.

CHARLIE HOLT
PLAINTIFF

DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net